UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONDZA HUNTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>W. WHITE, *et al.*,<br><br>　　　　Defendants. | Case No. 1:13-cv-01681-RRB<br><br>**ORDER DISMISSING**<br>**SECOND AMENDED COMPLAINT** |

At Docket 21 Plaintiff Demondza Douglas Hunter, a California state prisoner appearing *pro se* and *in forma pauperis*, filed his Second Amended Civil Rights Complaint by a Prisoner under 42 U.S.C. 1983 against numerous officials employed by the California Department of Corrections and Rehabilitation ("CDCR").[1] The Court dismissed Hunter's Complaint and First Amended Complaints with leave to amend.[2] Hunter's claims arose while he was incarcerated at the California Substance Abuse Treatment Center, Corcoran ("CSATF"). Hunter is currently incarcerated at the California State Prison–Sacramento "(CSP-Sac").[3]

---

　　[1] In addition to W. White, Correctional Officer, Hunter names as Defendants: J. Plough, Correctional Officer; W. D. Watkins, Lieutenant; Vechicco, Correctional Officer; A. Rodriguez, Correctional Officer; J. Martinez, Correctional Officer; Lamb, Correctional Officer; Clement Ogbuehi, Physician's Assistant; and John/Jane Does 1–10, Peace Officers.

　　[2] Dockets 9, 18.

　　[3] In his caption Hunter also appears to be attempting to bring this action under *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971). *Bivens*, the Federal
(continued...)

ORDER DISMISSING SECOND AMENDED COMPLAINT
*Hunter v. White*, 1:13-cv-01681-RRB – 1

## I. SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] The Court set forth the standards applicable to screening in its initial Dismissal Order; therefore, the Court does not repeat them herein.

## II. GRAVAMEN OF SECOND AMENDED COMPLAINT

Hunter alleges two causes of action. His first cause of action is brought against Defendants White, Plough, Watkins, Vechicco, Rodriquez, Martinez, Lamb, and Does 1 – 10. In this Cause of action Hunter alleges that these Defendants in various ways retaliated against him for reporting staff corruption by confiscating and destroying personal property, interfered with his secondary medical needs, and disclosed to prison population that Hunter was a snitch.

In his second cause of action Hunter alleges that Ogbuehi, his primary care provider, failed to refer Hunter to a specialist for treatment and improperly prescribed pain medications that caused Hunter to suffer internal bleeding.

As and for relief Hunter seeks injunctive relief and compensatory damages.

## III. DISCUSSION

Hunter's Second Amended Complaint suffers from several deficiencies. Initially the Court notes that despite the Court's explicit instructions in dismissing both the Complaint

---

[3](...continued)
counterpart to § 1983, is the basis for bringing a civil rights action against employees of the Federal government. It has no application to this case.

[4] 28 U.S.C. § 1915A(a).

and the First Amended Complaint, Hunter has not attached to his Second Amended Complaint copies of the documents evidencing that he has properly exhausted his administrative remedies.[5] The Court may dismiss an action for failure to comply with a Court order.[6]

The Court further notes that to a significant extent Hunter continues to assert extraneous facts that the Court has previously determined were insufficient to warrant the granting of relief by this Court. In addition, to the extent that Hunter seeks injunctive relief, the fact that Hunter is no longer housed at CSATF renders that claim moot. Thus, to the extent Hunter seeks injunctive relief it fails to state a claim upon which the Court may grant relief.[7]

### *First Claim for Relief*

As the Court noted in its original dismissal order, Defendants' acts in labeling Hunter a "snitch" might constitute a cognizable violation under the Fourteenth Amendment.[8] Despite the Court's explicit instructions that he need do so, Hunter has not alleged that he has been threatened with any violence or other adverse act as a result of the "snitch" labeling. In the absence of threats or some other adverse effect, Hunter has not suffered any cognizable injury. Hunter still fails to allege that he suffered any harm or threatened harm as a result. Consequently, Hunter continues to fail to allege a viable cause of action

---

[5] Docket 9, p. 11; Docket 18, pp. 3, 11.

[6] *See* Fed. R. Civ. P. 41(b); *Yourish v. California Amplifier*, 191 F.3d 983, 986–87 (9th Cir. 1999).

[7] *Dilley v. Gunn*, 64 F.3d 1365, 1368–69 (9th Cir. 1995).

[8] Docket 9, citing *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989); *see Douglas v. Oregonian*, 465 Fed. Appx. 714, 715 (9th Cir. 2012) (citing *Valandingham*).

based upon the alleged labeling as a "snitch." Hunter having failed to do so despite two opportunities, to the extent that Hunter's claim is based upon an alleged labeling as a "snitch," it will be dismissed without leave to amend.

To the extent that the First Claim for Relief is based upon the destruction of his personal property and "secondary medical needs" the Court previously dismissed it without leave to amend. Thus, its inclusion in the Second Amended Complaint was improper.

### *Second Claim for Relief*

As noted above, Hunter's Second Claim for Relief directed against Ogbuehi continues to disregard the Court's prior orders that he attach to the complaint all documents evidencing he has exhausted his administrative remedies. The Court further noted that although it was questionable whether Hunter can establish that Ogbuehi was deliberately indifferent to Hunter's serious medical needs by delaying the discontinuation of naproxsin,[9] dismissal of that claim at this stage of the proceeding is unwarranted. Nothing in the Second Amended Complaint requires the Court to re-examine its prior rulings.

The Court also previously dismissed the medical malpractice claim against Ogbuehi without leave to amend.[10] Consequently, its inclusion in the Second Amended Complaint was also improper.

---

[9] The Court noted that nothing in Hunter's allegations even remotely support a deliberate indifference claim against Ogbuehi prior to May 30, 2012, at the earliest.

[10] Docket 9.

ORDER DISMISSING SECOND AMENDED COMPLAINT
*Hunter v. White*, 1:13-cv-01681-RRB – 4

## IV. ORDER

The First Claim for Relief and the Complaint as against Defendants White, Plough, Watkins, Vechicco, Rodriquez, Martinez, Lamb, and Does 1 – 10, are hereby **DISMISSED** without leave to amend.

The Second Cause of Action is hereby **DISMISSED** with leave to amend.  Plaintiff is granted through and including **July 18, 2016**, within which to file his Third Amended Complaint consistent with this Order and the Court's prior Orders.

To the extent that the Second Amended Complaint seeks injunctive relief, it is **DISMISSED** without leave to amend.

In preparing and filing his Third Amended Complaint must follow the instructions previously given in dismissing the First Amended Complaint.  *Plaintiff is warned that the failure to follow the Court's instructions, including but not limited to, attaching all documents referred to or quoted from in his Third Amended Complaint and the documents evidencing exhaustion of his administrative remedies will result in dismissal without further notice or leave to amend.*

**IT IS ORDERED** this 14th day of June, 2016.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE