# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONDZA HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. OGBUEHI, et al.,<br><br>　　　　　Defendants. | **1:13-cv-01681-DAD-GSA PC**<br><br>**ORDER DEEMING PLAINTIFF'S MOTION TO COMPEL TIMELY FILED**<br>**(ECF No. 35.)**<br><br>**ORDER GRANTING DEFENDANT THIRTY DAYS TO RESPOND TO MOTION TO COMPEL** |

**I.　BACKGROUND**

Demondza Hunter ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Third Amended Complaint filed on July 18, 2016, against sole defendant, Physician's Assistant, Clement Ogbuehi ("Defendant"), on Plaintiff's claim for inadequate medical care under the Eighth Amendment. (ECF No. 23.)

On November 17, 2016, the Court issued a Scheduling and Planning Order establishing a deadline of June 5, 2017 for the parties to file discovery motions. (ECF No. 28.) On May 19, 2017, the Court issued an order extending the discovery deadline to July 26, 2017. (ECF No. 45.)

1

1    On July 28, 2017, Plaintiff filed a motion to compel. (ECF No. 35.) On August 21,
2 2017, Defendant filed objections to the motion as untimely and in violation of the court's May
3 19, 2017, order. (ECF No. 39.) Plaintiff has not replied to the objections. Defendant argues
4 that Plaintiff's motion is untimely because the court's May 19, 2017, order established a
5 discovery deadline of July 26, 2017, and Plaintiff filed his motion on July 28, 2017.

## II.     MAILBOX RULE

Based on the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a *pro se* prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

Here, Plaintiff filed his motion to compel on July 28, 2017, two days after the court's discovery deadline expired on July 26, 2017. (ECF No. 35.) However, the court finds evidence that Plaintiff submitted his motion to prison authorities for mailing before July 28, 2017. Plaintiff's signatures on the motion to compel and on the proof of service are dated "July 19, 2017." (Id. at 2, 123.) In addition, Plaintiff declares under penalty of perjury that he served the motion upon the Court Clerk and Defendant on July 19, 2017, "by placing a true copy . . . in the United States mail at California State Prison-Sacramento." (Id.) Based on this evidence, the court finds that Plaintiff's motion to compel, filed by the Clerk on July 28, 2017, is timely filed under the mailbox rule.

Defendant has not filed a response to Plaintiff's motion to compel addressing the discovery responses at issue. Under Local Rule 230(*l*), "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L.R. 230(*l*). In this case, the court finds good cause to grant Defendant thirty days in which to file an opposition or statement of no opposition to Plaintiff's motion to compel.

///
///
///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on July 28, 2017, is deemed timely filed; and
2. Defendant is granted thirty days from the date of service of this order in which to file an opposition or notice of no opposition to Plaintiff's motion to compel.

IT IS SO ORDERED.

Dated: **January 23, 2018**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE