# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONDZA HUNTER,<br><br>       Plaintiff,<br><br>   v.<br><br>C. OGBUEHI, et al.,<br><br>       Defendants. | **1:13-cv-01681-DAD-GSA PC**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 35.)**<br><br>**THIRTY-DAY DEADLINE FOR DEFENDANT TO PROVIDE FURTHER RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS AS INSTRUCTED BY THIS ORDER** |

## I.     BACKGROUND

Demondza Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Third Amended Complaint filed on July 18, 2016, against sole defendant, Physician's Assistant Clement Ogbuehi ("Defendant"), on Plaintiff's claims for inadequate medical care under the Eighth Amendment.[1] (ECF No. 23.)

---

[1] Plaintiff's only remaining claim is against Clement Ogbuehi, Physician's Assistant, for failing to refer Plaintiff to a specialist for treatment and improperly prescribing pain medications that caused Plaintiff to suffer internal bleeding, in violation of the Eighth Amendment. All other claims and defendants were dismissed by the court's orders issued on the following dates: June 17, 2015 (ECF No. 9), March 15, 2016 (ECF No. 18), and June 15, 2016 (ECF No. 22). Plaintiff's claims of retaliation, state law medical malpractice, destroying his personal property, for "secondary medical needs," and for labeling him as a "snitch" were dismissed from this action based on Plaintiff's failure to state a claim. (Id.)

On November 17, 2016, the court issued a Scheduling and Planning Order establishing a deadline of June 5, 2017, for the parties to file discovery motions. (ECF No. 28.) On May 19, 2017, the court issued an order extending the discovery deadline to July 26, 2017. (ECF No. 45.)

On July 28, 2017, Plaintiff filed a motion to compel.[2] (ECF No. 35.) On August 21, 2017, Defendant filed an opposition to the motion. (ECF No. 39.) Plaintiff has not replied to the opposition. Plaintiff's motion to compel is now before the court. L.R. 230(*l*).

## II. STANDARDS

### A. <u>Motion to Compel – Rule 37</u>

Plaintiff is a state prisoner proceeding *pro se*, and is challenging his conditions of confinement. Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

This is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable

---

[2] Plaintiff's motion to compel is timely filed under the mailbox rule. Based on the mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009).

matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

**B.**     **Request for Admissions – Rule 36**

Rule 36 of the Federal Rules of Civil Procedure provides for requests for admissions as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or

state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). **"**A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. Id. On finding that an answer does not comply with this rule, the court may either rule that the matter is admitted or that an amended answer be served. Id.

## C.    Interrogatories – Rule 33

Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, an interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 924935, *8 (D. Kan. Apr. 30, 2008). A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 629 (E. D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). If a party cannot furnish details, he should say so

under oath, and say why and set forth the efforts used to obtain the information, and cannot plead ignorance to information that is from sources within his control. Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977). "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D. Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)). A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner, 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y. 1974)). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## D. Request for Production of Documents – Rule 34

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991)). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D.

Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

## III. PLAINTIFF'S ALLEGATIONS AND MEDICAL CLAIM

Plaintiff is currently incarcerated at the California State Prison–Sacramento in Represa, California. Plaintiff's claims in the operative Third Amended Complaint arose while he was incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California. Plaintiff brings an Eighth Amendment medical claim against Physician's Assistant Clement Ogbuehi, his primary care provider at SATF.

Plaintiff alleges that defendant Ogbuehi denied him access to medical care. From August 25, 2011, through December 12, 2012, Plaintiff repeatedly submitted Health Care Services Request Forms complaining of low back pain, pain in back of his right thigh, right buttock pain, and pinching sensations with walking, numbness, and muscle contractions, all which interfere with his daily activities and sleep at night. From September 8, 2011, through November 8, 2012, defendant Ogbuehi conducted at least six follow-up medical visits concerning Plaintiff's prior spine condition dating back to 1987. Defendant Ogbuehi ignored Plaintiff's pleas to investigate his current complaints. During a visit on April 19, 2012, defendant Ogbuehi told Plaintiff that if he had not snitched on Ogbuehi's co-workers, Ogbuehi would have investigated Plaintiff's medical complaints. Defendant Ogbuehi did not have any training in neurological conditions diagnoses, and there was no available doctor with such training at SATF, so Ogbuehi would have had to complete a referral for services to have a doctor outside of SATF investigate Plaintiff's medical complaints. In addition, on May 30, 2012, defendant Ogbuehi prescribed Naproxsin for Plaintiff based on Plaintiff's prior medical condition, notwithstanding that Plaintiff's blood count test disclosed a diagnosis indicative of

internal bleeding caused by Naproxsin. On August 2, 2012, defendant Ogbuehi himself made a diagnosis of "thrombocytopenia," which is internal bleeding caused by Naproxsin, but continued to prescribe Naproxsin to Plaintiff. (ECF No. 23 at 24:11-15.) On November 8, 2012, defendant Ogbuehi finally stopped the Naproxsin due to his diagnosis.

Plaintiff suffered from pain and inability to attend recreational yard activities for more than two years. On December 20, 2013, Dr. Shahram Ehteshami [not a defendant], a Neurosurgeon, diagnosed Plaintiff with L3-4 broad disk bulge and L4-5 broad protrusion, causing an effect upon the nerve roots. Dr. Eteshami recommended surgery by a qualified doctor. Plaintiff lost full range of motion at the pelvic/right hip, suffered from internal bleeding from May 30, 2012 to November 8, 2012, and was diagnosed and treated for major depression and anxiety. Plaintiff has irreparable neurological damage due to his medical complaints being uninvestigated and untreated for two years. Plaintiff seeks injunctive relief and compensatory damages.

To succeed on his medical claim, Plaintiff must show "'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious

medical needs. <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

## IV. PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks an order compelling defendant Ogbuehi to further respond to:

    (1)    Interrogatory No. 13 of Plaintiff's first set of Interrogatories;

    (2)    Requests Nos. 1-5 and 8-9 of Plaintiff's first Request for Production of Documents;

    (3)    Interrogatories Nos. 15 and 17-24 of Plaintiff's second set of Interrogatories; and

    (4)    Requests Nos. 88-90 of Plaintiff's second Request for Admissions.

On December 27, 2016, Plaintiff served Defendant's counsel with his first set of discovery requests, and Defendant timely responded but provided an incomplete and evasive answer to Interrogatory No. 13 and failed to produce for inspection and copying document Requests Nos. 1-5 and 8-9. (Hunter Decl., ECF No. 35 at 3 ¶2.)

On May 18, 2017, Plaintiff served Defendant with his second set of discovery requests. (<u>Id.</u> at 6 ¶10.) Defendant failed to answer Interrogatory Nos. 15 and 17-24, and failed to respond to Plaintiff's Requests for Admissions Nos. 88-90. (<u>Id.</u>)

Plaintiff conferred with defense counsel but the parties were unable to resolve the discovery issues.

///

///

## V. LOCAL RULE 251 – JOINT STATEMENT

Defendant first argues that Plaintiff failed to submit a Joint Statement as required by Local Rule 251. Rule 251(b) requires the parties to confer and attempt to resolve their differences before bringing a discovery motion, and to set forth their differences in a Joint Statement re Discovery Disagreement. If the moving party is still dissatisfied after conferring, Rule 251(c) requires that party to draft and file a "Joint Statement re Discovery Disagreement," and "[a]ll parties who are concerned with the discovery motion shall assist in the preparation of" the Joint Statement. L.R. 250(c).

In this case the court's Scheduling and Planning Order issued on November 17, 2016, excused the parties from complying with Rule 251, as set forth here:

> Unless otherwise ordered, Local Rule 251 *does not apply*, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action *does not apply*.

(ECF No. 28 at 3-4 ¶10.) (Emphasis in original.)

Thus, Plaintiff was not required to file a Joint Statement pursuant to Local Rule 251, and therefore, Defendant's argument based on Plaintiff's failure to file a Joint Statement is without merit.

## VI. REQUEST FOR ADMISSIONS NOS. 88-90

Plaintiff requests further responses from Defendant to his second Request for Admissions Nos. 88-90, which were served upon Defendant on May 18, 2017. Plaintiff asserts that he received a letter dated July 13, 2017, from Defendant's counsel, stating that Defendant would prepare supplemental responses to these requests within ten days. (ECF No. 35 at 7 ¶12, Exh L.) In his motion to compel, Plaintiff states that as of July 19, 2017, Defendant had not answered the requests.

Defendant responds that he intended to provide the supplemental responses but the responses inadvertently were not served. Defendant has attached a copy of the supplemental responses and the verification to his opposition to the motion to compel at Exhibit A. (ECF No. 50 at 17 ¶6, Exh. A.) Defendant objects to Request for Admissions Nos. 88-90 on the

ground that the information sought is irrelevant, but without waiving objections, Defendant admits to the three Requests. (Id. at 20-22.)

Plaintiff has not filed a reply to Defendant's opposition. The court infers from Plaintiff's failure to reply that Plaintiff has received Defendant's responses to his second Request for Admissions Nos. 88-90 and finds them satisfactory. Defendant shall not be required to provide further responses to these Request for Admissions.

## VII. INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

As indicated above, Plaintiff seeks to compel further responses to Interrogatory No. 13 of Plaintiff's first set of Interrogatories, Requests Nos. 1-5 and 8-9 of Plaintiff's first set of Requests for Production of Documents, and Interrogatories Nos. 15 and 17-24 of Plaintiff's second set of Interrogatories. The court shall address each of the discovery requests in dispute.

### INTERROGATORY NO. 13 (FIRST SET):

State your contention for ordering the March 02, 2012 x-ray lumbar spine three views (read only) to check severity of degenerative disc disease by comparison with October 25, 2010 x-ray 4 view of lumbar spine performed, by Radiologist Dr. Muhammad S. Chaudhri recommendations or impression that stated: "If clinically concerned a completion L spine with oblique views could be obtained or if clinically and physical examination indicated an injury, an L-spine CT could be obtained." In light of the February 04, 2011 CT lumbar spine detected L2 compression fracture when the October 25, 2010 x-ray with 4 views had not; the November 25, 2013 x-ray thoracic at L1 level and severe degenerative changes as L1-2 and L2-3 levels; the November 25, 2013 CT detected an additional injury of disc extrusion at L5-S1 with mass effect upon the S1 nerve; and, finally the June 10, 2014 CT w/contrast detected significant canal stenosis and compression of the thecal sac at the L2 level with encroachment.

### RESPONSE TO INTERROGATORY NO. 13 (FIRST SET):

Objection: The interrogatory is vague, ambiguous, overbroad, compound, argumentative, calls for speculation, and unintelligible. Defendant also objects [that] this interrogatory may call for expert opinion. Further, Defendant objects to this interrogatory on

the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.  FED.R.CIV.P 26(b)(1).  (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**PLAINTIFF'S ARGUMENT:**

Plaintiff argues that Interrogatory No. 13 requires Defendant to "'state' actually what he knew or was aware of prior to ordering x-ray with three views after he received notice from Dr. Chaudhri explaining less [*sic*] obtain x-ray with oblique views or CT-scan that plaintiff's spinal fractures could not be captured or diagnosed on film."  Plaintiff asserts that this discovery is relevant as factual basis for his allegations, and that there is not an automatic rule that an interrogatory must be disallowed merely because it calls for an opinion or contention.  Plaintiff asserts that it is also relevant because in the Third Amended Complaint Plaintiff alleges that Defendant failed to investigate medical complaints on at least fourteen occasions.

Plaintiff seeks Defendant's contention regarding the event of March 2, 2012 when Defendant ordered an x-ray with three views, to compare with the October 25, 2010 x-ray by Dr. Chaudri.

**RULING:**

The court finds Interrogatory No. 13 to be unintelligible and therefore sustains Defendant's objection that the interrogatory is unintelligible.  Defendant is not required to make any further response to Interrogatory No. 13.

**DEMAND FOR PRODUCTION NO. 1 (FIRST SET):**

Any and all documents that refer or relate to policies, procedures, and practices in effect in August 2011 through November 2012 for SATF medical staff and primary care provides regarding the physical examination of prisoners in the Stand Alone Administrative Segregation Unit or segregation while in physical restraints and, the issuance of medical accommodations or appliances and rescinding of such due to disciplinary reasons, and the completion of medical progress notes, physician's orders, notification of diagnostic test results, referral for services for neurological spinal injuries, disability verification forms, prescribing medication naproxen for long-term chronic-pain management.  This request includes but not limited to all policies,

procedures, or practices generated by the CDCR or CCHCS as well as policies, procedures, or practices specific to SATF.

### RESPONSE TO DEMAND FOR PRODUCTION NO. 1 (FIRST SET):

Objection: Defendant objects to this request to the extent it seeks documents not in his possession, custody or control. Defendant objects to this request on the grounds it is vague, ambiguous, overbroad, and compound. Defendant also objects to this request on the ground it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Further this request is equally available to plaintiff.

Without waiving such objections, Defendant responds as follows: The public may access information about current CDCR regulations governing adult prison and parole operations or review pending or recently adopted regulations by clicking on one of the following link: http://www.cdcr.ca.gov/regulations/adult_operations. See also Title 15, California Code of Regulations.

### PARTIES' ARGUMENTS:

Plaintiff asserts that on May 11, 2017, and June 23, 2017, Defendant agreed to produce documents pursuant to Demand for Production No. 1, but only produced documents that Plaintiff had not requested and already had access to. Plaintiff also asserts that "the defendant failed to produce for inspection and copying document disclosing CCHCS or CDCR's operational procedures or instructional memorandums and policies (excluding Title 15 CCR and CDCR DOM) governing inmate access to medical care e.g. diagnostic services or medication or specialty services/neurosurgeon or accommodations for mobile disability." (ECF No. 35 at 10:5-11.)

Defendant asserts that on June 28, 2017, he asked Plaintiff which documents he needed and Plaintiff listed over 50 different policies, memos, and procedures. On July 7, 2017, Defendant asked Plaintiff to limit his requests to those that are relevant but Plaintiff never responded. Defendant argues that Plaintiff's request appears to partially relate to claims for

///

retaliation and denial of medical accommodations, which have been dismissed by the Court and are no longer relevant.

**RULING:**

As the party seeking discovery, Plaintiff "has the burden of establishing that [his] request satisfies the relevancy requirements of Rule 26(b)." Duenez v. City of Manteca, 2013 WL 684654, at *3, 2013 U.S. Dist. LEXIS 24954, at *6 (E.D. Cal. Feb. 22, 2013). The only claims remaining in this case are against defendant Physician's Assistant Ogbuehi for (1) failing to refer Plaintiff to a specialist for back pain, and (2) improperly prescribing Naproxen, which caused Plaintiff to suffer internal bleeding.

Plaintiff's request for documents pertaining to "physical examination of prisoners in the Stand Alone Administrative Segregation Unit or segregation while in physical restraints and, the issuance of medical accommodations or appliances and rescinding of such due to disciplinary reasons," pertains to claims in this case that were previously dismissed. (ECF Nos. 9, 18, 22.) Plaintiff has not explained how these issues are relevant to either of Plaintiff's remaining claims against Defendant.

Plaintiff does not deny that he never responded to Defendant's request to limit his demand to those documents that are relevant. Thus, Plaintiff has not met his burden to identify which of the 50 documents he requested are relevant under Rule 26(b). Therefore, Defendant's objection is sustained on relevancy grounds. Defendant is not required to make any further response to Demand for Production No. 1.

**DEMAND FOR PRODUCTION NO. 2 (FIRST SET):**

Any and all records that have been provided to defendant on the physical examinations, diagnostic testing, and treatments for neurological spinal injuries. The time frame for this request includes medical school and at the time defendant became employed by CDCR or CCHCS to the present.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 2 (FIRST SET):**

Objection: Defendant objects to this demand on the grounds it is vague, ambiguous, overbroad, and compound. Defendant also objects to the extent this demand seeks documents

not in his possession, custody or control. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Further this request is equally available to plaintiff.

Without waiving such objections, Defendant is a licensed Physician's Assistant, not a neurologist or medical doctor. The public may access regarding educational requirements for Physician's Assistants at the Medical Board of California's website at the following link: http://www.mbc.ca.gov.

### PARTIES' ARGUMENTS

Plaintiff asserts that defense counsel agreed during a telephonic conference on May 11, 2017, to provide documents identified in Demand No. 2 because Plaintiff has no access to the internet, but Defendant failed to produce documents disclosing his training on physical examinations, diagnostic testing and treatments for neurological spinal injuries. Plaintiff argues that this discovery is relevant because evidence that Defendant acted in violation of a statute or regulation may be relevant on the issue of punitive damages or deliberate indifference, and Defendant's financial circumstances are pertinent in assessing the amount of punitive damages that should be awarded under § 1983. Plaintiff seeks punitive damages in this case.

Defense counsel agrees that on May 11, 2017, he agreed to produce information regarding his medical training to resolve any dispute regarding this request, but did not provide Plaintiff with the information until June 20, 2017. Defense counsel states that he believed this issue had been resolved, because Demand for Production No. 2 was not discussed in Plaintiff's May 30, 2017 letter about unresolved discovery disputes.

### RULING:

Plaintiff has not replied to defense counsel's assertion that he provided Plaintiff with the requested information on June 20, 2017. The court shall infer from Plaintiff's failure to reply that Plaintiff has now received the information and finds it satisfactory. Plaintiff may not

expand this "demand" to request new information such as Defendant's financial circumstances. Defendant shall not be required to make any further response to Plaintiff's Demand for Production No. 2.

### DEMAND FOR PRODUCTION NO. 3 (FIRST SET):

Any and all formal and informal written complaints (including but not limited to 602 forms) against any SATF staff member alleging denial access to specialized medical care during defendant's employment as SATF Primary Care Provider (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints).

### RESPONSE TO DEMAND FOR PRODUCTION NO. 3 (FIRST SET):

Objection: The request is vague, ambiguous, overbroad, and compound. Responding defendant objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Further, defendant objects to this request on the ground it seeks documents that are confidential and protected by his and others rights to privacy under Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1045, the California Constitution, and are confidential and are protected from disclosure by his and others federal constitutional right to privacy. (A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 657 (C.D. Cal. 2005).)

### PARTIES' ARGUMENTS:

Plaintiff asserts that he does not seek confidential documents protected by rights or privacy. He seeks documents regarding similar complaints about the Defendant.

Defendant argues that complaints against Defendant alleging denial of access to specialized medical care or for prescribing Naproxen or NSAIDS for long-term chronic pain management would not be relevant to Plaintiff's claims against Defendant, and it appears that Plaintiff is improperly attempting to use character evidence against Defendant, which is not admissible under Federal Rules of Evidence 404. Defendant also argues that producing

complaints against any staff member would violate the privacy rights of those individuals who made the complaint.

**RULING:**

As the party seeking discovery, Plaintiff "has the burden of establishing that [his] request satisfies the relevancy requirements of Rule 26(b)." Duenez v. City of Manteca, 2013 WL 684654, at *3, 2013 U.S. Dist. LEXIS 24954, at *6 (E.D. Cal. Feb. 22, 2013). Plaintiff is only proceeding against one defendant in this case, P.A. Ogbuehi, and Plaintiff has not shown how complaints against staff members other than Defendant are relevant to Plaintiff's claims. However, complaints against Defendant himself, if similar to Plaintiff's complaints against Defendant, are relevant and may be admissible for purposes of impeachment at trial. Fed. R. Evid. 404; See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case").

Thus, Defendant shall be required to produce any form 602 complaints filed against Defendant between 2011 and 2013 while Defendant was employed at SATF, alleging denial of access to specialized medical care. Defendant shall redact any confidential information such as the name and other personal information identifying the complainant.

**DEMAND FOR PRODUCTION NO. 4 (FIRST SET):**

Any and all formal and informal written complaints (including but not limited to 602 forms) against any SATF staff member alleging or relating to prescribing medication naproxen or NSAIDS' for long-term chronic-pain management during defendant's employment as Primary Care Provider at SATF (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints).

**RESPONSE TO DEMAND FOR PRODUCTION NO. 4 (FIRST SET):**

Objection: The request is vague, ambiguous, overbroad, and compound. Responding Defendant objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of

admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Further, Responding Defendant objects to this request on the ground it seeks documents that are confidential and protected by his and others' rights to privacy under Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1045, the California Constitution, and are confidential and are protected from disclosure by his and others federal constitutional right to privacy. (A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 657 (C.D. Cal. 2005).)

**RULING:**

Similar to Demand No. 3, Plaintiff has not shown how complaints against staff members other than Defendant are relevant to Plaintiff's claims remaining in this suit. However, as discussed above, complaints against Defendant himself, if similar to Plaintiff's complaints against Defendant, are relevant and may be admissible for purposes of impeachment at trial. Fed. R. Evid. 404; See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Defendant shall be required to produce any form 602 complaints filed against Defendant between 2011 and 2013, while Defendant was employed at SATF, alleging the wrongful prescription of Naproxen or NSAIDS for long-term chronic pain management. Defendant shall redact any confidential information such as the name and other personal information identifying the complainant.

**DEMAND FOR PRODUCTION NO. 5 (FIRST SET):**

Any and all formal and informal written complaints (including but not limited to 602 forms) against any SATF staff member alleging medical staff denial access to medical care to prisoners as it relates to non-medical staff undue influence in retaliation against any given prisoner during defendant's employment as Primary Care Provider at SATF (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints).

///

///

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5 (FIRST SET):**

Objection: The entire request is vague, ambiguous, overbroad, and compound. Responding Defendant objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Responding Defendant also objects to this request on the ground it seeks documents that are confidential and protected by his and others rights to privacy under Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1045, the California Constitution, and are confidential and are protected from disclosure by his and others federal constitutional right to privacy. (A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 657 (C.D. Cal. 2005).)

**RULING:**

The court sustains Defendant's objections that this demand for production is irrelevant to the subject matter of the pending action. Plaintiff is not proceeding on a retaliation claim in this case. Therefore, Defendant is not required to respond further to Plaintiff's demand for production No. 5.

**DEMAND FOR PRODUCTION NO. 8 (FIRST SET):**

Any and all documents or electronic mail received by Dr. R. Gill, D.O., Primary Care Provider, California State Prison at Corcoran, 4001 Knight Avenue, P.O. Box 8800, Corcoran, California 93212; on or about August 15, 2013, as it relates to scheduling plaintiff to be seen by a Neurosurgeon. The time frame for this request is 30 days prior to and subsequent to August 15, 2013.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 8 (FIRST SET):**

Objection: The request is vague, ambiguous, overbroad, and compound. Responding Defendant objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S.

340, 351-352. 98 S.Ct. 2380 (1978).)   Further, this request to the extent it calls for the production of documents beyond the requirements of the Federal Rules of Civil Procedure, and to the extent it calls for the responding party to produce documents in the sole possession, custody or control of the California Department of Corrections & Rehabilitation (CDCR). Further this request is equally available to Plaintiff.

Without waiving or prejudicing the foregoing objections, Defendant responds as follows:   Defendant has subpoenaed plaintiff's medical records and we will produce the medical records produced pursuant to the subpoena.  See attachment 1.

**PARTIES' ARGUMENTS:**

Plaintiff seeks email received by Dr. Gil directing him to schedule Plaintiff to be evaluated by a neurosurgeon, prompted by the DDHCS appeals office who responded to Plaintiff's appeal regarding Defendant's failure to investigate Plaintiff's medical complaints. Plaintiff alleges that this email would not be part of his medical file, but maintained in the interdepartmental records created by CDCR or CCHCH or Dr. Gil at California State Prison Corcoran.

Defendant responds that he has produced all of Plaintiff's medical records which were produced pursuant to Defendant's subpoena.  Defense counsel states that he does not have access to any documents other than those produced to Defendant pursuant to the subpoena.

**RULING:**

Rule 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party.   A party is deemed to have control over documents if he or she has a legal right to obtain them.  See Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998); see also 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][b], at 34–73 to 34–75 (footnote omitted) ("The term 'control' is broadly construed.").   A party responding to a document request "'can[ ] furnish [not] only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject

to his control.'" <u>Meeks v. Parsons</u>, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, *4, (E.D. Cal. Sept. 18, 2009) (citation omitted).

Courts have assumed that a party has control of documents in the possession of another and ordered the party to produce relevant documents. <u>See</u> <u>Zackery v. Stockton</u> <u>Police Dep't</u>, No. CIV S–05–2315 MCE DAD P, 2007 WL 1655634, *3–4, (E.D. Cal. June 7, 2007) ("directing" counsel for defendants to obtain and produce records in the possession of their current employer, the Stockton Police Department); <u>cf.</u> <u>Bryant v. Armstrong</u>, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (while a defendant may be directed to obtain and produce documents from a current employer, the defendant may not be directed to obtain and produce such documents from a former employer).

Here, Plaintiff's records show that Defendant claimed in a letter dated June 20, 2017, that he has already produced documents responsive to Plaintiff's request for documents relating to Health Care Appeal Log No. SATF-HC-12056527. (ECF No. 35 at 89.) This assertion establishes that Defendant has possession, custody or control of some of the responsive documents. The documents requested in Plaintiff's Demand for Production No. 8, involving documents maintained in the interdepartmental records created by CDCR or CCHCH or Dr. Gil at California State Prison Corcoran, would seem to be within the possession, custody or control of Defendant in his employment relationship.

Therefore, Defendant's objection to production on the ground that he does not have access to any documents other than those produced to Defendant pursuant to a subpoena is overruled. The specific facts of this action render such an objection unfounded. By virtue of his employment with non-party CDCR, defendant Ogbuehi is represented by the Attorney General's Office. It is this court's experience that individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. Defendant Ogbuehi has constructive control over the requested documents, and the documents must be produced. <u>See</u>, <u>e.g.</u>, <u>Pulliam v. Lozano</u>, No. 1:07–cv–964–LJO–MJS, 2011 WL 335866 (E.D. Cal. Jan. 31, 2011); <u>Mitchell v. Adams</u>, No. CIV S-06-2321 GEB GGH, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though

defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223–24 (N.D. Ind. 1992) (requiring certification that responding parties "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.").

Accordingly, Plaintiff's motion to compel production of the email received by Dr. Gil directing him to schedule plaintiff to be evaluated by a neurosurgeon, prompted by the DDHCS appeals office who responded to Plaintiff's appeal regarding Defendant's failure to investigate plaintiff's medical complaints, will be granted. Defendant Ogbuehi shall produce the requested documents within thirty days from the date of service of this Order.

### DEMAND FOR PRODUCTION NO. 9 (FIRST SET):

Any and all documents or electronic mail generated as it relates to Health Care Appeal Log No. SATF-HC-12056527 administrative process, screening, investigation, notes, correspondences, e-mails. This request only covers records generated or maintained by SATF appeals office and CCHCS Office of Appeals.

### RESPONSE TO DEMAND FOR PRODUCTION NO. 9 (FIRST SET):

Objection: This request calls for information which is equally available to all parties, and is therefore oppressive and unduly burdensome to Responding Party.

However, without waiving the above referenced objections, Responding Defendant will produce the following in compliance with this request: Plaintiff's documents relating to Health Care Appeal Log No. SATF-HC-12056527. See attachment 2.

### PARTIES' ARGUMENTS:

Plaintiff asserts that Defendant has not produced the documents that he agreed to produce in response to this demand. Defendant claims that he produced the documents on January 30, 2017, when he responded to Plaintiff's Demands for Production, (ECF No. 50 at 9:20-21), and that Defendant again advised Plaintiff on June 20, 2017, that he had produced all documents responsive to this request, (ECF No. 35 at 89).

**RULING:**

Defendant claims that he sent documents to Plaintiff in response to this Demand, but Plaintiff claims not to have received them. On the chance event that something unforeseen prevented delivery of the documents to Plaintiff, Defendant shall be required to send the documents again, within thirty days of the date of service of this order. Therefore, Plaintiff's motion to compel a further response to Demand No. 9 shall is granted, and Defendant is required to respond further to this demand.

**INTERROGATORY NO. 15 (SECOND SET):**

State your conduct as physician assistant or primary care provider specifying your actions to evaluate, examine or investigate medical complaints made by plaintiff on CDCR Forms 7362 and/or medical referrals to physicians' clinic made by nurses on Encounter Forms-Musculoskeletal Complaints that you admitted to authenticity of in your Response to Plaintiff's First Set of Request for Admissions (RPFSRA) Nos. 23-25 and 36. [Note: In answering this interrogatory, please state which form or document as so identified in the "RPFSRA" followed by your answer.]

**RESPONSE TO INTERROGATORY NO. 15 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound, overbroad, and unintelligible. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**PARTIES' ARGUMENTS:**

Plaintiff clarifies that he requests Defendant to state his actions or conduct showing that he reasonably responded, knowing that Plaintiff made medical complaints on CDCR Forms 7362 and nurses gave Plaintiff medical referrals to physicians' clinic on Encounter Forms-Musculoskeletal Complaints. Plaintiff states that Defendant admitted that these forms were authentic in his responses to Plaintiff's First Request for Admissions Nos. 23-25 and 36.

///

Defendant responds that he is unable to respond to this interrogatory because it is incomprehensible and unintelligible.

**RULING:**

Defendant shall respond to Interrogatory No. 15 to the best of his knowledge, stating what reasonable actions he took pertaining to Plaintiff's medical care while knowing about Plaintiff's medical complaints on CDCR Forms 7362 and nurses' medical referrals.

**INTERROGATORY NO. 17 (SECOND SET):**

State your contentions [*sic*] as it relates to comparison of the "'findings' and impression in x-ray report dated October 25, 2010 by Radiologist Dr. Chaudhri" with "impression in CT LUMBER SPINE report dated February 4, 2011 by Radiologist Cr. Seligman." [Note: In answering this interrogatory, your contention shall address why the latter report detected compression fracture and the former report had not. This interrogatory concerns the before-mentioned reports that to which you admit to their authenticity in "RPFSRA" No. 45.]

**RESPONSE TO INTERROGATORY NO. 17 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound, overbroad, and unintelligible. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**RULING:**

This interrogatory asks Defendant to give his opinions about an x-ray by one non-party doctor and a CT report by another non-party doctor. As a Physician's Assistant, Defendant is not qualified to give his opinion of why one doctor's report detected compression fracture and another doctor's report did not. Even if Defendant were a medical doctor, he has not been qualified in this case to give expert opinion. Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469. Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 17 shall be denied, and Defendant is not required to respond further to Interrogatory No. 17.

**INTERROGATORY NO. 18 (SECOND SET):**

Identify oral communication, writing or document(s) and or person(s) or individual(s) cited by you for initiation of forms CDC 128-C, 1845 and 7410 dated December 08, 2011. [Note: In responding to this interrogatory, your answer shall identify with specificity cited support for your contention, in section for physician's comments, that "[plaintiff's] condition improved." For your reference, before-mentioned forms are attached as Document-IX to Plaintiff's Second Set of Request for Admissions, simultaneously herewith served on defendant.]

**RESPONSE TO INTERROGATORY NO. 18 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound, overbroad, and unintelligible. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**PARTIES' ARGUMENTS:**

Plaintiff characterizes this interrogatory as an "identity" interrogatory requiring Defendant to identify why he wrote that "Plaintiff's condition improved" on December 8, 2011. Plaintiff seeks information about the conversation Defendant had with an unknown staff member about Plaintiff's medical complaints.

Defendant claims that this interrogatory is unintelligible and not relevant to the claims at issue in this case.

**RULING:**

Plaintiff has not provided the court with copies of forms CDC 128-C, 1845 and 7410 dated December 08, 2011, which limits the court's ability to make a ruling on Plaintiff's motion to compel a further response to this interrogatory. Nor has Plaintiff met his burden to show that the discovery requested is relevant to his claims against Defendant. Furthermore, the court cannot discern how forms from December 8, 2011 are relevant to Plaintiff's allegations of events beginning in 2012. According to Plaintiff, he began complaining about his pain

symptoms in August 2012, and Defendant did not prescribe pain medications until May 30, 2012. Plaintiff's motion to compel a further response to this interrogatory shall be denied. Defendant is not required to provide a further response to Interrogatory No. 18.

**INTERROGATORY NO. 19 (SECOND SET):**

State the names, titles, and duties of all staff members at SATF, other than defendant Clement Ogbuehi, who had responsibility for ensuring that inmates housed in Administrative Segregation Stand Alone Unit request for medical attention are responded to. If those duties are set forth in any job description or other document, identify the documents and or writings.

**RESPONSE TO INTERROGATORY NO. 19 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound, overbroad, and unintelligible. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**PARTIES' ARGUMENTS:**

Defendant argues that this interrogatory is not relevant to any claim or defense, because Plaintiff is not proceeding on claims that Defendant Ogbuehi denied him medical care or that a staff member other than Defendant failed to ensure his request for medical attention was responded to.

**RULING:**

Defendant's objection on the ground that the discovery sought by Interrogatory No. 19 is not relevant to any claim or defense is sustained. Plaintiff has not shown why this discovery is relevant to his two claims against Defendant in this case, nor met his burden to show why Defendant's objection on the ground that this interrogatory is overbroad is not justified. Defendant's argument has merit -- that the interrogatory is overbroad because it is not limited in time and because it asks for information about *all staff members at SATF and CCHCS* who were responsible for ensuring that prisoners' requests for medical attention are responded to.

///

Thus, Plaintiff's motion to compel a further response to Interrogatory No. 19 shall be denied, and Defendant is not required to provide any further response to Interrogatory No. 19.

**INTERROGATORY NO. 20 (SECOND SET):**

State the procedure in effect during time period mention in the instructions' section herein, at SATF for conducting sick call, including the procedure by which prisoners sign up for sick call and seen by a doctor or primary care provider.   If those procedures are different for segregation prisoners than for general population prisoners, state both procedures.  If these procedures are set forth in any policy, directive, or other document, identify the documents or writings.

**RESPONSE TO INTERROGATORY NO. 20 (SECOND SET):**

Objection:   The interrogatory is vague, ambiguous, compound and overbroad. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.   FED.R.CIV.P 26(b)(1).   (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**PARTIES' ARGUMENTS:**

Plaintiff states that he seeks CDCR and CCHCS policies or directives concerning medical access for prisoners in the same or similar to factual circumstances in this case.

Defendant argues that the discovery requested is not relevant to the claims at issue in this case, because there is no claim that Plaintiff was denied treatment by Defendant or any SATF staff member at sick call.

**RULING:**

Defendant's objection shall be sustained on the ground that the discovery requested in Interrogatory No. 20 is not relevant to any of the parties' claims or defenses at issue in this case.  Fed. R. Civ. P. 26(b)(1); Fed R. Evid. 401.   There is no claim pertaining to Plaintiff's access to medical care at sick call.  Plaintiff has not met his burden to show why Defendant's objections are not justified.  Duenez v. City of Manteca, 2013 WL 684654, at *3, 2013 U.S. Dist. LEXIS 24954, at *6 (E.D. Cal. Feb. 22, 2013).   Moreover, the court cannot determine

whether this interrogatory is overbroad because Plaintiff has not provided the court with the referred-to "instructions' section" which establishes the effective time period. Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 20 shall be denied, and Defendant shall not be required to provide any further response to Interrogatory No. 20.

### INTERROGATORY NO. 21 (SECOND SET):

State the names titles, and duties of all staff members at SATF and CCHSC who have responsibility for responding to, investigating or deciding prisoners' medical grievances. If those duties are set forth in any job description, policy, directive, or other document, identify the document(s).

### RESPONSE TO INTERROGATORY NO. 21 (SECOND SET):

Objection: The interrogatory is vague, ambiguous, compound and overbroad. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

### RULING:

Plaintiff has not shown why this discovery is relevant, nor has Plaintiff met his burden to show why Defendant's objections are not justified on the grounds that the interrogatory is overbroad because it is not limited in time, and because it asks for information about *all* staff members at SATF and CCHCS involved with prisoners' medical grievances. This case is not proceeding on a claim against Defendant for improperly responding to or processing prison grievances. Therefore, Defendant's objections are sustained, and Plaintiff's motion to compel further discovery pursuant to Interrogatory No. 21 shall be denied. Defendant is not required to provide any further response to Interrogatory No. 21.

### INTERROGATORY NO. 22 (SECOND SET):

State the salary and duties of a physician's assistant at SATF. If the salaries or duties are set forth in any job description or contract or any other writing or document(s), identify the document(s) disclosing requested information.

**RESPONSE TO INTERROGATORY NO. 22 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound and overbroad. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Responding Defendant also objects to this request on the ground it seeks documents that are confidential and protected by his and others rights to privacy under Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1045, the California Constitution, and are confidential and are protected from disclosure by his and others federal constitutional right to privacy. (A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 657 (C.D. Cal. 2005).)

**PARTIES' ARGUMENTS:**

Plaintiff argues that Defendant's financial circumstances are relevant in determining the amount of punitive damages Plaintiff should be awarded if Plaintiff prevails in this case.

Defendant argues that his financial circumstances are not relevant to Plaintiff's punitive damages until a jury finds liability and that Defendant acted with malice or that his conduct constituted reckless and callous indifference to Plaintiff's federally protected rights.

**RULING:**

Defendant's objection on relevance grounds shall be sustained. The information sought by Plaintiff pursuant to Interrogatory No. 22 is not relevant to any of the claims or defenses upon which this case currently proceeds. If Plaintiff establishes the proper showing at trial that punitive damages are appropriate in this case, then at that time Defendant's financial circumstances may be relevant, but this information is not relevant at this stage of the proceedings. Therefore, Plaintiff's motion to compel a response to Interrogatory No. 22 shall be denied, and Defendant is not required to make any further response to Interrogatory No. 22.

///

///

**INTERROGATORY NO. 23 (SECOND SET):**

Any and all grievances, complaints, or other documents received by staff members at SATF or the California Medical Board or licensing agency for physician's assistants concerning denial of access to medical care or excessive prescribing medication(s) by defendant Clement Ogbuehi, and any memoranda, investigative files, personnel record, or other documents created in response to such complaints, since 2011 or approximately two years prior and subsequent to 2011.

**RESPONSE TO INTERROGATORY NO. 23 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound and overbroad. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).) Responding Defendant also objects to this request on the ground it seeks documents that are confidential and protected by his and others rights to privacy under Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1045, the California Constitution, and are confidential and are protected from disclosure by his and others federal constitutional right to privacy. (A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006); Keith H. v. Long Beach Unified School Dist., 228 F.R.D. 652, 657 (C.D. Cal. 2005).)

**PARTIES' ARGUMENTS:**

Plaintiff states that he does not seek documents that are confidential or protected by rights of privacy. He seeks information or documents pertaining to specific or similar complaints and/or allegations against Defendant.

Defendant argues that this request is not an "interrogatory" that requests information, but rather appears to be a statement or a demand for documents. Defendant also argues that grievances or complaints against Defendant Ogbuehi are not relevant to Plaintiff's claims against Defendant, and the discovery requested would invade the privacy rights of Defendant and others.

**RULING:**

The court concurs that Plaintiff has not styled this request as an interrogatory, but rather as a request for production of documents. Plaintiff made a request for similar documents in Plaintiff's Demand for Production No. 3, which the court addressed at p. 14-15 of this order. Thus, the court's ruling on Demand for Production No. 3 resolves Interrogatory No. 23. Defendant shall not be required to produce documents or make any further response to Interrogatory No. 23.

**INTERROGATORY NO. 24 (SECOND SET):**

Any and all lawsuits or civil complaints filed in state or federal courts, including any quasi administrative or judicial proceedings, concerning medical malpractice and or deliberate indifference to serious medical needs by defendant Clement Ogbuehi, and any memoranda, court order, or other writing or document disclosing disposition in such lawsuits or complaints.

**RESPONSE TO INTERROGATORY NO. 24 (SECOND SET):**

Objection: The interrogatory is vague, ambiguous, compound and overbroad. Defendant further objects to this request on the ground the information sought is irrelevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. FED.R.CIV.P 26(b)(1). (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351-352. 98 S.Ct. 2380 (1978).)

**RULING:**

Similar to Plaintiff's Interrogatory No. 23, this Interrogatory No. 24 -- which requests memoranda, court orders, and other writings or documents -- is improperly styled as a request for production of documents. Moreover, the documents requested by Plaintiff are public information and are equally available to Plaintiff and Defendant. Plaintiff may not use discovery to obtain free copies of documents equally available to him. Rodgers v. Martin, No. 1:12-CV-01686-AWI, 2014 WL 4344499, at *3 (E.D. Cal. Aug. 29, 2014) (citing Jones v. Lundy, 1:03–cv–05980–AWI–LJO PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007). Therefore, Plaintiff's motion to compel a response to Interrogatory No. 24 shall be denied, and Defendant is not required to make any further response to Interrogatory No. 24.

# VIII. CONCLUSION AND ORDER

Based on the foregoing, the court shall grant in part and deny in part Plaintiff's motion to compel filed on July 25, 2017. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel filed on July 25, 2017, is granted in part and denied in part;

2. Within thirty days of the date of service of this order, defendant Ogbuehi is required to serve Plaintiff with further responses to the following discovery requests made by Plaintiff, as instructed above in this order:

   (1) Requests Nos. 3, 4, 8, and 9 of Plaintiff's Demand for Production of Documents, set one; and

   (2) Interrogatory No. 15 of Plaintiff's Interrogatories, set two.

3. Defendant Ogbuehi is not required to make any further response to the following discovery requests made by Plaintiff:

   (1) Interrogatory No. 13 of Plaintiff's Interrogatories, set one;

   (2) Requests Nos. 1, 2, and 5 of Plaintiff's Demand for Production of Documents, set one;

   (3) Interrogatories Nos. 17-24 of Plaintiff's Interrogatories, set two; or

   (4) Requests Nos. 88-90 of Plaintiff's Request for Admissions, set two; and

4. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __**March 8, 2018**__ _____ **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE