**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMONDZA HUNTER,<br><br>              Plaintiff,<br><br>    v.<br><br>W. WHITE, et al.,<br><br>              Defendants. | 1:13-cv-01681-DAD-GSA-PC<br><br>**ORDER ADDRESSING DEFENDANT OGBUEHI'S OBJECTIONS TO PLAINTIFF'S STATEMENT OF NON-OPPOSITION**<br>**(ECF No. 48.)** |

**I.    BACKGROUND**

Demondza Hunter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's Third Amended Complaint filed on July 18, 2016, against sole defendant Physician's Assistant Clement Ogbuehi ("Defendant"), on Plaintiff's claims for inadequate medical care under the Eighth Amendment. (ECF No. 23.)

On September 5, 2017, defendant Ogbuehi filed a motion for summary judgment, or in the alternative, for partial summary judgment. (ECF No. 40.) On November 15, 2017, Plaintiff filed a notice of non-opposition to Defendant's motion. (ECF No. 47.) On November 17, 2017, Defendant filed objections to Plaintiff's notice of non-opposition. (ECF No. 48.)

1

## II. DEFENDANT'S OBJECTIONS

Defendant objects to Plaintiff's statement of non-opposition as untimely, as in violation of Local Rule 260(b), and for its failure to defeat Defendant's motion for summary judgment.

### Timeliness

Defendant first objects to Plaintiff's statement of non-opposition as untimely because it was not filed within twenty-one days after Defendant's motion was filed, as required by Local Rule 230(*l*).[1] Defendant also contends that Plaintiff's statement of non-opposition is untimely because it was filed on November 15, 2017, more than thirty days after the court's October 12, 2017, order allowing Plaintiff thirty days in which to file it.

Defendant's arguments are unpersuasive. At this stage of the proceedings it is of no consequence that Plaintiff missed Rule 230(*l*)'s twenty-one day deadline because on October 12, 2017, after the twenty-one day deadline had expired, the court allowed Plaintiff thirty more days to file the statement of non-opposition. (ECF No. 45.) Further, under the Federal Rules of Civil Procedure, Plaintiff timely filed his statement of non-opposition within the thirty-day deadline.[2] Therefore, Plaintiff's statement of non-opposition was timely filed

///

---

[1] Local Rule 230(*l*) **Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

[2] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). In this instance, 30 days from October 12, 2017, was November 11, 2017, which was a Saturday. Therefore, the 30 day-deadline for Plaintiff to file his statement of non-opposition was extended until Monday, November 13, 2018. In addition, pursuant to Rule 6(d), "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a). Fed. R. Civ. P. 6(d). Therefore, Plaintiff had until 3 days after November 13, 2017, or until November 16, 2017, to file his statement of non-opposition.

**Local Rule 260(b)**

Defendant next objects to Plaintiff's statement of non-opposition as in violation of Local Rule 260(b), because it does not include a statement of undisputed facts "that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, disposition, interrogatory, answer, admission, or other document relied upon in support of that denial." Local Rule 260(b). (ECF No. 48 at 2:19-23.)

Defendant is correct that Plaintiff failed to include a statement of undisputed facts in his statement of non-opposition. However, Plaintiff has included a statement of undisputed facts in his motion for partial summary judgment. (ECF No. 41 at 19-26.) The court affords *pro se* litigants, such as Plaintiff, some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). The Ninth Circuit has repeatedly reaffirmed the principal that *pro se* litigants are entitled to leniency, particularly in civil rights cases. See e.g., Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are civil rights claims filed by inmates."); Pouncil v. Tilton, 704 F.3d 568, 574–75 (9th Cir. 2012) (construing *pro se* complaints liberally protects the rights of *pro se* litigants to self-representation and meaningful access to the courts, which is particularly important in civil rights cases), *cert. denied*, 571 U.S. 820, 134 S.Ct. 76, 187 L.Ed.2d 30 (2013); Woods v. Carey, 684 F.3d 934, 938-40 (9th Cir. 2012) (recognizing hardships faced by prisoners proceeding *pro se*); see Franklin v. Murphy, 745 F.2d 1221, 1235 (9th Cir. 1984) (holding that a *pro se* prisoner litigant's pleadings must be construed liberally on a motion for summary judgment). When a plaintiff proceeds *pro se* and technically violates a rule, the court should act with leniency toward the *pro se* litigant. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39–40 (9th Cir. 1966).

///

///

In light of Ninth Circuit law addressing *pro se* litigants, Defendant's objections based on Plaintiff's violation of Local Rule 260(b) holds little weight. To the extent possible the court shall endeavor to resolve the parties' motions on the merits.

**Failure to Defeat Motion for Summary Judgment**

Defendant also argues that his motion for summary judgment should be granted because neither Plaintiff's statement of non-opposition, nor the documents it refers to, "negate any fact or create a question of fact that defeats Defendant's motion for summary judgment." (ECF No. 48 at 2:24-26.) Defendant's argument shall not be considered in this order. Rather Defendant's argument, which is central to the court's analysis of both parties' motions for summary judgment, shall be considered by the court in ruling on the parties' motions, in due course.

**III. CONCLUSION**

Based on the foregoing, this order resolves Defendant's objections to Plaintiff's statement of non-opposition, filed on November 17, 2017.

IT IS SO ORDERED.

Dated: **May 7, 2018**          **/s/ Gary S. Austin**
                    UNITED STATES MAGISTRATE JUDGE